UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| RICHARD THOMPSON, | : | |
|---|---|---|
| | : | Civil No. 13-6282 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| STEPHEN D'ILIO, | : | |
| | : | |
| Respondent. | : | |
| RICHARD THOMPSON, | : | |
| | : | Civil No. (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN JOHNSON, | : | |
| | : | |
| Respondent. | : | |

Petitioner *pro se*, Richard Thompson ("Thompson" or "Petitioner"), is a federal prisoner presently incarcerated by special arrangement at New Jersey State Prison, in Trenton, New Jersey. In October 2013, Thompson filed a petition for writ of habeas corpus, under 28 U.S.C. § 2241, alleging that the United States Parole Commission ("Parole Commission") violated his due process rights under the Fifth Amendment by failing to set a final parole date and by imposing a sex-offender special condition on any eventual parole. (*See* Pet., ECF No. 1.) Shortly after he filed his Petition, Thompson filed a request to supplement his petition, in which he sought a new parole hearing because of the Parole Commission's alleged withholding of a letter opposing parole submitted by the Bureau of Prisons ("BOP"). (ECF No. 2.) On October 27, 2016, the Court denied Thompson's original Petition, administratively terminated the proceeding under Local Civil Rule 10.1(a), and gave Thompson 30 days to update his address and notify the Court

whether the claim in his supplement had become moot in light of subsequent parole hearings. (Op. & Order, ECF Nos. 9–10.)

Thompson timely filed a motion to reopen the proceeding, arguing that his supplemental claim was not moot as he had still not seen or been given an opportunity to respond to the BOP letter opposing his parole. (ECF No. 11.) On June 23, 2017, the Court reopened the proceeding and ordered respondent Steven D'Ilio ("Respondent") to file an Answer to Thompson's supplemental petition within 30 days. (Mem. & Order, ECF No. 18.) The Court directed Respondent to include with the answer "the relevant record, including the BOP letter." (*Id.* ¶ 5.) The Court further permitted Thompson to file a reply to Respondent's answer within 30 days of receipt. (*Id.*) At that time, the Court also noted that Thompson had recently filed, as ECF No. 17, a seemingly new habeas petition based on a 2016 parole hearing. (*Id.* ¶ 6.) The Court advised, "To the extent Petitioner wishes to challenge his July 2016 parole hearing, he must exhaust his administrative[] remedies with respect to the claims regarding his 2016 parole proceedings. Furthermore, he must bring those claims <u>in a new habeas proceeding</u>, and may not tack them on to the instant habeas proceeding." (*Id.*)

Since that Order, Respondent filed a Supplemental Memorandum in Opposition to the Supplemental Petition and accompanied it with 116 pages of administrative record. (ECF Nos. 22, 22-2.) This administrative record includes two letters from the BOP to the Parole Commission, dated March 3, 2011 and April 9, 2013. (ECF No. 22-2 at ECF pp. 112–15.) In each letter, apparently responding to pre-hearing letters from the Parole Commission inviting BOP input, the BOP Director expressed opposition to paroling Thompson based on his crimes committed while in BOP custody. (*Id.*) Thompson subsequently filed a reply to Respondent's opposition. (ECF No. 24.)

2

Meanwhile, Thompson has filed two motions, which the Court now addresses. On August 9, 2017, Thompson filed what he titled a "Motion for Clarification." (ECF No. 23.) Thompson asserted that his June 15, 2017 filing, docketed as ECF No. 17, was in fact intended to be a new habeas petition commencing a separate action. (ECF No. 23 at 2.) Thompson urges that the new petition impleaded a different defendant, that he included a cover letter explaining his intent, and that he had paid the appropriate filing fee, but that the new petition was instead docketed in this proceeding. (*Id.* at 2–3.) Accordingly, he asks the Court to issue an Order to Show Cause why the new petition should not be granted and asks that a separate docket number be assigned to it. (*Id.* at 3.) Respondent has offered no opposition to this motion.

The Court observes that the filing docketed as ECF No. 17 does indeed appear to be formatted as a new petition, not a filing in this proceeding, and, furthermore, it is clear that Thompson paid an additional filing fee around the time of that filing. (*See* ECF No. 17.) Accordingly, the Court finds that it should be treated as an independent pleading, that it should be assigned a new docket number, and that the new proceeding should be treated in all regards as if it was properly commenced on June 15, 2017.

Thompson's second motion is a motion to compel discovery from Respondent. (ECF No. 25.) Specifically, while Thompson acknowledges that Respondent produced the letters from the BOP to the Parole Commission opposing Thompson's parole, he alleges that Respondent violated the Court's June 23, 2017 Memorandum and Order by failing to produce letters from the Parole Commission to the BOP soliciting its input. (ECF No. 25 ¶¶ 1–4.) Thompson now asks the Court to compel production of these letters, "as they are an essential part to Petitioner's claim." (ECF No. 25 ¶ 4.) Again, Respondent has offered no opposition to this motion.

Discovery in a habeas proceeding is permitted only for good cause and only to the extent authorized by the Court. Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C.A. foll. § 2254 (applying to this case through Rules Governing § 2254 Cases, Rule 1(b)). The Court's June 23, 2017 Memorandum and Order directed Respondent to answer Thompson's supplemental petition and to "provide the relevant record, including the BOP letter." (ECF No. 18 ¶ 5.) In his response memorandum, counsel for Respondent certifies that he "ha[d] been informed by the United States Parole Commission that these documents [the 116-page administrative record attached to the response] represent Thompson's entire file since 2012, with the exception of audio recordings of his various parole hearings." (Decl. of David Bober, ECF No. 22-1, ¶ 3.) Accordingly, as it does not appear that any letters from the Parole Commission to the BOP soliciting input were before the Parole Commission when it rendered its prior parole decision, such letters are not part of the "relevant record," which the Court ordered Respondent to produce. Furthermore, it does not appear that such letters could bear on Thompson's due-process rights if they were not before the Parole Commission at the time of its decision. As such, Thompson's motion to compel production is denied.

Therefore, IT IS, on this 28th day of March, 2018,

ORDERED that Petitioner's unopposed Motion for Clarification, (ECF No. 23), is hereby GRANTED insofar as directing the clerk to file ECF No. 17 as a petition in a new action; and it is further

ORDERED that the Clerk shall docket the filing entered as ECF No. 17 in Civ. No. 13-6282, and its attachments and its associated filing fee, as the petition in a separate habeas proceeding under a newly issued docket number; and it is further

ORDERED that this newly created proceeding shall be treated for all purposes as if commenced on the date Petitioner filed ECF Number 17, June 15, 2017; and it is further

ORDERED that **SUMMONS SHALL NOT ISSUE** in the new proceeding at this time, as the Court has not yet completed its sua sponte screening under Rule 4 of the Rules Governing § 2254 proceedings (applying to the new proceeding through Rule 1(b) of the Rules Governing § 2254 Cases); and it is further

ORDERED that Petitioner's Motion to Compel, (ECF No. 25), is DENIED; and it is further

ORDERED that the Clerk shall docket this Memorandum and Order on the dockets of both Civ. No. 13-6282 and the newly created action described above; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge