UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD THOMPSON,

    Petitioner,

v.

STEVEN JOHNSON,

    Respondent.

Civ. No. 18-4569 (FLW)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, Chief Judge:**

## I. INTRODUCTION

Petitioner *pro se*, Richard Thompson ("Thompson" or "Petitioner"), is a federal prisoner presently incarcerated by special arrangement at New Jersey State Prison, in Trenton, New Jersey. This matter is before the Court by way of Thompson's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, in which Thompson challenges his incarceration past his "mandatory parole" date. For the following reasons, the Petition is denied. Furthermore, Thompson's motions to expedite his petition, (ECF No. 5), and to grant relief in his favor, (ECF No. 9), are denied.

## II. BACKGROUND AND PLEADINGS

In June 1977, Thompson, who was already serving a prior criminal sentence, was convicted in the United States District Court for the Central District of California of murdering another prisoner. (Pet., ECF No. 1, at 2.) That Court sentenced Thompson to life in prison, consecutive to his prior sentence. (*Id.*) Thompson began serving his life sentence in June 1980. (*Id.*) Thompson received a concurrent five-year sentence for attempted escape in 1983 and a consecutive ten-year sentence for stabbing a corrections officer in 1985. (*Id.* at 3.) It is

undisputed that Thompson's "mandatory parole" date was February 3, 2017. (*See* Pet., EX. B, ECF No. 1-2, at ECF p. 3.)

Following a parole hearing in September 2006, the hearing examiner reviewed Thompson's various convictions and disciplinary infractions, as well as Thompson's progress and other circumstances, and recommended that his sentence be "Continue[d] to Expiration." (Pet., Ex. B, ECF No. 1-2, at ECF pp. 3–7.) On October 13, 2006, the United States Parole Commission ("the Commission") issued a Notice of Action adopting that recommendation and ordering that Thompson's sentence would "Continue to expiration." (Pet., Ex. C., ECF No. 1-2, at ECF pp. 8–9.) The United States Parole Commission National Appeals Board ("the Appeals Board") affirmed this decision, noting "the gravity of [Thompson's] multiple offenses in and out of prison." (Pet., Ex. D, ECF No. 1-2, at ECF p. 10.) Further parole hearings in 2009, 2011, 2013, and 2015, apparently produced no change in the Commission's prior assessment. (*See* ECF No. 1 at 5, 7.)

Thompson received a "mandatory parole" hearing in July 2016, after which the Commission issued a Notice of Action denying mandatory parole on the basis that Thompson had "seriously and frequently violated the rules of the institutions to which [he was] confined." (Ans., Ex. 15, ECF No. 10-1, at ECF p. 31.) The Appeals Board affirmed that action on October 20, 2017. (Ans., Ex. 17, ECF No. 10-1, at ECF pp. 59–61.)

In June 2018, a pre-hearing examiner recommended granting Thompson mandatory parole as of November 21, 2018. (Ans. Ex. 18, ECF No. 10-1, at ECF pp. 62–69). The Commission, however, rejected this recommendation, in a July 31, 2018, Notice of Action ordering a denial of mandatory parole and a "continue to expiration." (Ans., Ex. 20, ECF No. 10-1, at ECF p. 71.) In doing so, it specifically referenced Thompson's murder of a fellow

inmate and stabbing of a corrections officer. (*See id.*) The Appeals Board affirmed this decision on October 25, 2018. (Ans., Ex. 22, ECF No. 10-1, at ECF p. 78.)

In this habeas Petition,[1] Thompson contends that the Commission's 2006 decision, subsequently affirmed by the Appeals Board, directed that he should have been released under "mandatory parole" as of February 3, 2017. (*See* ECF No. 1; ECF No. 12.) As the decision by the Appeals Board is binding, he argues that the Commission had no basis to reconsider whether to grant him parole in 2016. (*See* ECF No. 12.) Thompson contends that his incarceration past his "mandatory parole" date violates his due-process rights. (*Id.*)

The government, on behalf of Respondent Steven Johnson ("Respondent"), asserts that Thompson misconstrues the "mandatory parole" date, explaining that this primarily indicates a shift in the standard applied during parole hearings, not an actual guarantee of release. (ECF No. 10.) It urges that the Commission properly determined that Thompson had frequently violated institutional rules and, thus, declined to grant him "mandatory parole." (*See id.*)

Meanwhile, Thompson has also filed motions, here, seeking to expedite consideration of his petition, (ECF No. 5), and seeking a grant of his petition premised on Respondent's alleged default, (ECF No. 9).

### III. ANALYSIS

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, a federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the petitioner is in custody and (2) the custody is in violation of the Constitution or federal laws or treaties. *Id.*; *see also Maleng v. Cook*, 490 U.S. 488, 490

---

[1] Thompson has three habeas proceedings currently pending before this Court. *See Thompson v. D'Ilio*, Civ. No. 13-6282; *Thompson v. Davis*, Civ. No. 18-16282.

3

(1989). Here, the Court exercises jurisdiction over this case as Thompson alleges that his continued incarceration violates his constitutional due-process rights.

While Thompson has raised other arguments concerning his denials of parole in his other habeas cases, there is just one issue presented in this case: whether, as Thompson has framed the issue, the Commission's 2006 Notice of Action, as affirmed by the Appeals Board, dictated his release upon reaching his "mandatory parole" date, February 3, 2017. In short, the answer is that there is not. Nothing in the Commission's decisions lends any support to Thompson's claim. Thompson seems to rest his argument primarily on the following statement in the "Reasons" section of the Commission's 2006 Notice of Action: "Although you have incurred any [sic] disciplinary infractions since 1985, your criminal history and poor institutional adjustment warrants your continue [sic] to incarceration to your mandatory release date." (ECF No. 1-2 at ECF p. 9.) The mere fact that, in 2006, the Commission premised its action on a belief that Thompson's behavior warranted continued incarceration to his mandatory parole date does not indicate any binding conclusion that he should or must be released on that date. Instead, the Commission action represented in that document, and affirmed by the Appeals Board, is the continuation of Thompson's sentence to "expiration." (*See* ECF No. 1-2 at ECF pp. 8–10.) To bind the Commission to grant parole in 2017 based upon language justifying a decision to continue incarceration in 2006 would be utterly nonsensical.

As explained by the government in its answer, the "mandatory parole" provision of 18 U.S.C. § 4206(d) does not require that all prisoners be released upon reaching the specified, "two-thirds" date. *See* 18 U.S.C. 4206(d). Indeed, that section explicitly instructs that "the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will

4

commit any Federal, State, or local crime." *Id.*; *see also Dufur v. U.S. Parole Comm'n*, 314 F. Supp. 3d 10, 19 (D.D.C. 2018) (observing that these exceptions mean that "'mandatory' parole is not really mandatory"). It is clear, from the 2016 and 2018 Notices of Action, that the Commission concluded that such concerns warranted denying Thompson "mandatory" parole. (*See* Ans., Exs. 13, 15, 17, 19, 20, & 22, ECF No. 10-1 at ECF pp. 28–30, 31, 59–61, 70, 71, & 78.) Thus, I perceive no reason—either in the decisions of the Commission and Appeals Board or in the relevant statutory authority—that the Commission was required to grant Thompson parole in February 2017. Accordingly, Thompson's petition is denied on its merits.

As the petition is now denied, Thompson's pending motions to expedite his petition and to grant relief in his favor, (ECF Nos. 5 & 9), are also denied.

## IV.  CONCLUSION

For the foregoing reasons, Thompson's petition for writ of *habeas corpus* under 28 U.S.C. § 2241 is DENIED. Furthermore, Thompson's motions to expedite and to grant relief in his favor, (ECF Nos. 5 & 9), are DENIED. An appropriate order follows.


DATED: July 31, 2019                                              /s/ Freda L. Wolfson
                                                                  FREDA L. WOLFSON
                                                                  U.S. Chief District Judge

5