UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD THOMPSON, | : | |
| | : | Civ. No. 18-4569 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STEVEN JOHNSON, | : | |
| | : | |
| Respondent. | : | |

Petitioner *pro se*, Richard Thompson ("Thompson" or "Petitioner"), is a federal prisoner presently incarcerated by special arrangement at New Jersey State Prison, in Trenton, New Jersey. This matter is before the Court by way of Thompson's motion for reconsideration (ECF No.15) of this Court's decision denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenged his incarceration past his "mandatory parole" date. (ECF Nos. 13-14.)

"[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5, 2003 WL 22303078 (D.N.J. Oct. 7, 2003). A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked." D.N.J. Civ. R. 7.1(i).

1

As the basis for relief, Petitioner appears to assert that the Court overlooked facts and made an error of law in its July 31, 2019 Memorandum Opinion. (*See* ECF No. 13.) First, Petitioner asserts that the Court failed to mention in its Memorandum Opinion that the Bureau of Prisons ("BOP") initially released him to a halfway house in anticipation of Petitioner's release on parole. Second, Petitioner asserts that "continue to expiration" has two possible meanings and that the Parole Commission was bound by its 2006 decision setting his mandatory release date. (See ECF No. 15.)

The Court will deny Petitioner's motion for reconsideration. First, the fact that the BOP moved Petitioner to a halfway house does not change the Court's decision that he was not entitled to be released on mandatory parole. Second, the Court has already addressed and rejected Petitioner's argument that the Parole Commission's 2006 decision ordered him to be released on his mandatory parole date and that the Parole Commission was bound by that determination.[1] (*See* ECF No. 13, Opinion at 4-5.) Because Petitioner's arguments do not meet the requirements for reconsideration, his motion is denied. An appropriate Order follows.

---

[1] As the Court explained in its Opinion denying habeas relief, the "mandatory parole" provision of 18 U.S.C. § 4206(d) does not require that all prisoners be released upon reaching the specified, "two-thirds" date. *See* 18 U.S.C. 4206(d). That provision provides as follows:

> Any prisoner serving a sentence of five years or longer who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after having served thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier. Provided however, that the Parole Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State or local crime.

*Id.* The statute creates a presumption of release upon reaching the mandatory release date, but a prisoner still must have a hearing before the Parole Commission to determine if release is appropriate. *See, e.g., Walker v. Adams*, 151 F.3d 1034 (7th Cir. 1998); *Bruscino v. True*, 708 F. App'x. 930, 935 (10th Cir. 2017) (collecting cases); *see also Dufur v. U.S. Parole Comm'n*, 314

<pre>
                                              s/Freda L. Wolfson
                                              FREDA L. WOLFSON
                                              U.S. Chief District Judge
DATED: 3/24/2020
</pre>

---

F. Supp. 3d 10, 19 (D.D.C. 2018) ("Those caveats mean that "mandatory" parole is not really mandatory."); *Von Kahl v. Kallis*, 2019 WL 3947910, at *5 (C.D. Ill. Aug. 21, 2019)(explaining same).